**UNITED STATES, Appellee,**

v.

**Diana Vaughn JONES, Defendant–Appellant.**

**Docket No. 04–4283.**

United States Court of Appeals, Second Circuit.

June 27, 2005.

Jacob W. Buchdahl, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y. (Daniel A. Braun, Assistant United States Attorney), for Appellee, of counsel.

Colleen P. Cassidy, The Legal Aid Society, Federal Defender Division, Appeals

Bureau, New York, NY, for Defendant–Appellant.

Present: MINER, CALABRESI, Circuit Judges, and KEENAN, District Judge.[*]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant–Appellant Diana Vaughn Jones ("Jones") appeals from her conviction, following a jury trial in the Southern District of New York, for bank fraud, in violation of 18 U.S.C. § 1344, and conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. Jones contends that the admission at trial of statements made by her nontestifying codefendant to police investigators violated her Sixth Amendment right to confront the witnesses against her, *see Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal. Assuming, *arguendo,* the doubtful proposition that the alleged Confrontation Clause error was preserved, *see United States v. Dukagjini,* 326 F.3d 45, 60 (2d Cir.2003); *United States v. Yu–Leung,* 51 F.3d 1116, 1120 (2d Cir.1995), and further assuming, *arguendo,* the equally doubtful proposition that the admission of the codefendant's out-of-court statements did violate the Supreme Court's proscription against un-cross-examined testimonial hearsay in *Crawford,* 541 U.S. at 59 & n. 9, 124 S.Ct. 1354, we find no basis for vacating Jones's conviction. Because other substantial trial evidence established Jones's guilt on both the substantive and conspiracy counts of the indictment, and because this other evidence dwarfed the importance, to the Government's case against Jones, of the out-of-court statements, any *Crawford* error was harmless beyond a reasonable doubt. *See United States v. McClain,* 377 F.3d 219, 222–23 (2d Cir.2004); *see also Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

We have considered all of Jones's arguments on appeal and find them to be without merit. Therefore, the judgment of the district court is AFFIRMED.